NOTICE
Decision filed 11/07/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200219-U

NO. 5-20-0219

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 18-CF-156 |
| | ) | |
| KEVIN JOHNSON, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where defendant's postconviction petition consisted solely of vague, nonspecific allegations and the circuit court summarily dismissed it within 90 days, there is no arguably meritorious contention that the court erred either substantively or procedurally in dismissing it.  Accordingly, we grant appellate counsel leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Kevin Johnson, appeals the circuit court's order summarily dismissing his postconviction petition.  Defendant's appointed attorney, the Office of the State Appellate Defender (OSAD), filed a motion to withdraw as counsel, arguing that this appeal presents no arguably meritorious issues.  See *Pennsylvania v. Finley*, 481 U.S. 551 (1987).  OSAD has notified defendant of its motion.  This court provided defendant with an opportunity to file a response, and he has done so.  However, after considering OSAD's motion and supporting memorandum, defendant's response, and the entire record on appeal, we agree that this appeal presents no

1

arguably meritorious issue. Therefore, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                          BACKGROUND

¶ 4     Following a jury trial, defendant was convicted of three counts of unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2018)). Evidence at trial established that defendant delivered cocaine to a confidential informant, Valerie Beals. Beals testified that she was a drug addict who engaged in these controlled purchases to get money to buy drugs.

¶ 5     Although defendant was eligible for an extended-term sentence due to his criminal history, the court declined to impose such a sentence. Instead, the court sentenced defendant to five years' imprisonment on each count, with the sentences to be served concurrently. Defendant did not file a direct appeal.

¶ 6     The common-law record contains an undated letter from defendant to the Jefferson County circuit clerk complaining about numerous aspects of defendant's trial. The only allegation potentially relevant here is that the State did not turn over in discovery the drugs allegedly involved in the transactions. Defendant wrote, "I think if I would have seen the drug evidence before trial we probably would have never took it to trial."

¶ 7     Defendant subsequently filed a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant alleged that trial counsel was ineffective because he "allowed the State to use evidence during trial against the defendant that was never received in the discovery." In a similar vein, the defendant alleged that "the State withheld evidence from defendant and his counsel and then used that evidence against defendant during trial." Lastly, the defendant alleged that, had that evidence been available earlier, "it could have made a big difference in the outcome or decisions made."

2

¶ 8    The circuit court dismissed the petition, finding it frivolous and patently without merit. Defendant timely appealed.

¶ 9                                    ANALYSIS

¶ 10    OSAD contends that no meritorious argument exists that the court erred either substantively or procedurally in dismissing the petition.  OSAD also contends that defendant's vague, general allegations did not merit further consideration and that the court acted within the statutory 90-day window to summarily dismiss the petition.  We agree.

¶ 11    The Act provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated at his trial or sentencing.  *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002).  Within 90 days of its filing, the circuit court may dismiss a petition if it is "frivolous or is patently without merit."  725 ILCS 5/122-2.1(a)(2) (West 2020).  In so deciding, the court must take as true all well-pleaded facts in the petition and any accompanying affidavits, but "nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a hearing under the Act."  *People v. West*, 187 Ill. 2d 418, 425-26 (1999).

¶ 12    Defendant's allegations certainly fall into the category of "nonspecific."  Defendant does not even specify to what evidence he is referring, nor does he elaborate on how that unspecified evidence would have affected the "outcome or decisions made."  OSAD surmises that defendant could be referring to the drug evidence he referenced in his letter to the circuit clerk. This is purely speculative, but we agree with OSAD that adding this detail does not save defendant's claim. Defendant asserted in the letter that, had he seen the substance before trial, he "probably never would have took it to trial," but does not explain why seeing the substance in person would have affected his decision to go to trial.

3

¶ 13    Initially, defendant's claim appears to be contradicted by the record. The State's response to discovery states that any evidence it intended to use at trial had been made available for inspection. Defendant has furnished no affidavits or other evidence to prove otherwise. Moreover, defense counsel did not object at trial on the ground that the evidence had not been produced in discovery. Assuming, as we must, that the failure to object was trial strategy, such a trial strategy appears to have been reasonable. See *People v. Brooks*, 334 Ill. App. 3d 722, 730 (2002) ("We presume that defense attorneys pursue sound trial strategies."). A State forensic chemist testified extensively that she tested the substances recovered from Beals and found them to be cocaine. Defendant offers no reason other than pure speculation to believe that independent testing would have proved the substance to be anything else. In closing, defense counsel argued that Beals was a liar who would do anything to get money to buy more drugs and that she likely planted the substance in order to ensure a successful prosecution, for which she would get paid. Thus, even conclusive proof that the substance was not cocaine would not have aided the defense theory that Beals provided the substance herself.

¶ 14    Finally, we agree with OSAD that the circuit court's dismissal of the petition was procedurally proper. Defendant filed his petition on March 24, 2020, and the circuit court dismissed the petition on June 19, 2020, within the 90-day window that the Act provides. See 725 ILCS 5/122-2.1(b) (West 2020).

¶ 15                                CONCLUSION

¶ 16    Accordingly, we agree with OSAD that this appeal presents no issue of even arguable merit. We grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 17    Motion granted; judgment affirmed.